# United States District Court

<u>    MIDDLE    </u> District of <u>    TENNESSEE    </u>

| UNITED STATES OF AMERICA | **JUDGMENT IN A CRIMINAL CASE** |
|---|---|
| V. | |
| JAMES C. MCWHORTER | Case Number: 3:07-00159-01 |
| | USM Number: 18549-075 |
| | JEFFREY S. FRENSLEY |
| | Defendant's Attorney |

**THE DEFENDANT:**

☐ pleaded guilty to count(s) _____

☐ pleaded nolo contendere to count(s) _____
which was accepted by the court.

☒ was found guilty on Counts <u>One, Two, Three, Four, and Five of the Second Superseding Indictment</u>
after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. § 371 | Conspiracy to Produce False Identification Documents and Produce Counterfeit Securities | 11/8/06 | 1 |
| 18 U.S.C. § 1028(a)(1) | Production of False Identification Documents | 11/8/06 | 2 |
| 18 U.S.C. § 1028(a)(3) | Possession with Intent to Use Five ore More False Identification Documents | 11/8/06 | 3 |
| 18 U.S.C. § 1028(a)(5) | Unlawful Possession of Document Making Implements | 11/8/06 | 4 |
| 18 U.S.C. § 1028A | Aggravated Identity Theft | 11/8/06 | 5 |

The defendant is sentenced as provided in pages 2 through <u>  8  </u> of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

☐ Count(s) _____ is/are dismissed on the motion of the United States.

It is ordered that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the Court and United States Attorney of material changes in economic circumstances.

June 28, 2010
Date of Imposition of Judgment

*/s/ Robert L. Echols*
Signature of Judge

Robert L. Echols, United States District Judge
Name and Title of Judge

July 30, 2010
Date

DEFENDANT: JAMES C. MCWHORTER
CASE NUMBER: 3:07-00159-01

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of **one hundred and twenty-four (124) months. This term shall consist of terms of one hundred (100) months on each of Counts 1, 2, 3, and 4 with such terms to run concurrently with each other and a term of twenty-four (24) months on Count 5, which shall run consecutive to the terms imposed on Counts 1, 2, 3, and 4**.

__X__ The court makes the following recommendations to the Bureau of Prisons:

**The Court recommends that Defendant receive credit for all time in jail since he was transferred to federal custody on October 12, 2007.**

**The Court recommends that Defendant be incarcerated at the federal prison facility in Tucson, Arizona, subject to his security classification and the availability of space at the institution.**

**The Court recommends that Defendant be considered for participation in the Bureau of Prisons' Intensive Drug Treatment Program.**

__X__ The defendant is remanded to the custody of the United States Marshal.

____ The defendant shall surrender to the United States Marshal for this district:

    ____ at _____ ____ a.m. ____ p.m. on _____

    ____ as notified by the United States Marshal.

____ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

    ____ before 2 p.m. on _____.

    ____ as notified by the United States Marshal.

    ____ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____ at _____, with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

DEFENDANT: JAMES C. MCWHORTER
CASE NUMBER: 3:07-00159-01

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a total term of **three (3) years. This term shall consist of terms of three (3) years on each of Counts 1, 2, 3, and 4, with such terms to run concurrently with each other and a term of one (1) year on Count 5, which shall run concurrently with the terms imposed on Counts 1, 2, 3, and 4.**

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the Court.

| | |
|---|---|
| ☐ | The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.) |
| X | The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable.) |
| X | The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.) |
| ☐ | The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.) |
| ☐ | The defendant shall participate in an approved program for domestic violence. (Check, if applicable.) |

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;

2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;

3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4) the defendant shall support his or her dependents and meet other family responsibilities;

5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and

13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

## SPECIAL CONDITIONS OF SUPERVISION

1. The Defendant shall pay restitution, jointly and severally with his co-defendants, to the victims identified in the Criminal Monetary Penalties section of this Judgment in an amount totaling $114,536.26. Payments shall be submitted to the United States District Court, Clerk's Office, Eighth Floor, 801 Broadway, Nashville, Tennessee 37203. Restitution is due immediately. If the Defendant is incarcerated, payment shall begin under the Bureau of Prisons' Inmate Financial Responsibility Program. Should there be an unpaid balance when supervision commences, the Defendant shall pay the remaining restitution in monthly installments in an amount recommended by the Probation Office and approved by the Court, but the minimum monthly rate shall not be less than 10 percent of Defendant's gross monthly income. No interest shall accrue as long as Defendant remains in compliance with the payment schedule ordered. Pursuant to 18 U.S.C. § 3664(k), Defendant shall notify the court and United States Attorney of any material change in economic circumstances that might affect ability to pay.

2. The Defendant shall participate in a program of drug testing and substance abuse treatment which may include a 30-day inpatient treatment program followed by up to 90 days in a residential reentry center at the direction of the Probation Officer. The Defendant shall pay all or part of the costs for substance abuse treatment if the Probation Officer determines the Defendant as the financial ability to do so or has appropriate insurance coverage to pay for such treatment.

3. The Defendant shall attend and participate in a program of outpatient drug treatment/counseling at either Narcotics Anonymous (NA) or Alcoholics Anonymous (AA) for the first year of supervised release. Defendant must attend such treatment/counseling not less than twice a week during the first three months of supervised release and not less than once every week during the following nine months of supervised release. Thereafter, if all random drug tests for the use of any controlled substances are negative, the Probation Officer at his/her discretion may adjust the outpatient drug treatment sessions to once per month or no sessions at all until the expiration of the term of supervised release. If random drug tests return positive for the use of a controlled substance, the Probation Officer may require more frequent attendance at outpatient drug treatment sessions or recommend that Defendant's supervised release be revoked.

4. The Defendant shall participate in a mental health program as directed by the Probation Officer. The Defendant shall pay all or part of the cost for mental health treatment if the Probation Officer determines the Defendant has the financial ability to do so or has appropriate insurance coverage to pay for such treatment.

5. The Defendant shall furnish all financial records, including, without limitation, earnings records and tax returns, to the United States Probation Office upon request.

6. The Defendant shall not incur new debt or open additional lines of credit without the prior approval of the probation officer unless the Defendant is in compliance with the payment schedule for any court-imposed financial sanctions.

7. The Defendant shall cooperate in the collection of DNA as directed by the Probation Officer.

8. The Defendant is prohibited from owning, carrying or possessing firearms, destructive devices, or other dangerous weapons.

DEFENDANT: JAMES C. MCWHORTER
CASE NUMBER: 3:07-00159-01

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the Schedule of Payments on the attached sheet.

|  | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| **TOTALS** | $500 | $ | $114,536.26 |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

__X__ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(I), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss*** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
| SEE NEXT PAGE |  | $114,536.26 |  |
| **TOTALS** | $ | $114,536.26 |  |

☐ Restitution amount ordered pursuant to plea agreement $_____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on the Schedule of Payments sheet may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

__X__ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

__X__ the interest requirement is waived for the _____ fine __X__ restitution as long as Defendant remains in compliance with the payment schedule..

☐ the interest requirement for the _____ fine _____ restitution is modified as follows:

*Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

DEFENDANT:         JAMES C. MCWHORTER  
CASE NUMBER:    3-07-00159-01

# CRIMINAL MONETARY PENALTIES

## RESTITUTION

If the defendant makes a partial payment, each payee shall receive an approximately proportional payment, unless specified otherwise in the priority order or percentage payment column below.

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| Walmart<br>702 SW 8th Street<br>Bentonville, Arkansas 72716<br>Attn: Kathy Sawn | | $82,296.11 | |
| Dixie Food Market<br>470 W Bockman Way<br>Sparta, TN 38583<br>Attn: Kaye Moore | | 6,862.69 | |
| Stewart's Pharmacy<br>1100 Smithville Highway<br>McMinnville, TN 37110<br>Attn: Nestor Stewart | | 3,669.02 | |
| Texaco Station<br>713 Splitrail Drive<br>Brentwood, TN 37027<br>Attn: Mike Huh | | 2,658.47 | |
| BP Station<br>310 W. Bockman Way<br>Sparta, TN 38583<br>Attn: Victor Patel | | 1.989.08 | |
| Kroger<br>207 W Towne Plaza<br>Sparta, TN 38583<br>Attn: Angie Sparks | | 1,925.75 | |
| Smithville Foods<br>712 S. Congress Boulevard<br>Smithville, TN 37166<br>Attn: Kevin Means | | 1,664.00 | |
| Sam Ash Music<br>1647 Gallatin Pike<br>Madison, TN 37115<br>Attn: Steve Bernet | | 1,392.90 | |

**CONTINUED ON NEXT PAGE**

# CRIMINAL MONETARY PENALTIES

## RESTITUTION
**(CONTINUED FROM PREVIOUS PAGE)**

| **Name of Payee** | **Total Loss*** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
| Floyd's Hometown Foods<br>542 W. Bockman Way<br>Sparta, TN 38583<br>Attn: Debbie Floyd | | 1,369.03 | |
| Raceway Station<br>315 W. Bockman Way<br>Sparta, TN 38583<br>Attn: Dilip Holder | | 1,176.30 | |
| Kingwood Foodland<br>1830 Beersheba Highway<br>McMinnville, TN 37110<br>Attn: Noel Pepper | | 1,056.43 | |
| Stop and Buy Market<br>10891 Nashville Highway<br>Liberty, TN 37095<br>Attn: Harold Crook | | 603.04 | |
| Elite Market<br>440 W. Bockman Way<br>Sparta, TN 38583<br>Attn: Nancy Brock | | 483.19 | |
| Hillcrest Market<br>6980 Sparta Highway<br>Sparta, TN 38583<br>Attn: Crickett Moore | | 221.57 | |
| State of Tennessee DOC<br>100 Bomar Blvd.<br>Nashville, TN 37209<br>Attn: Donna Clark | | 7,168.68 | |
| **TOTALS** | $ | $114,536.26 | |

DEFENDANT: JAMES C. MCWHORTER
CASE NUMBER: 3:07-00159-01

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

A    __X__    Lump sum payment of $500 (special assessment) and $114,536.26 (restitution) due immediately, balance due

         _____ not later than _____, or
         __X__ in accordance _____ C, _____ D, _____ E, or __X__ F below; or

B    _____    Payment to begin immediately (may be combined with _____ C, _____ D, or _____ F below); or

C    _____    Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $_____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

D    _____    Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $_____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

E    _____    Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F    __X__    Special instructions regarding the payment of criminal monetary penalties:

**Restitution is due in full immediately. Should there be an unpaid balance upon the commencement of the term of supervised release, payments may be made in regular monthly installments in a minimum amount of no less than 10 percent of Defendant's gross monthly income to be recommended by the United States Probation Office and approved by the Court, based upon the Defendant's earning capacity and his ability to pay**.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

__X__    Joint and Several

         **Defendant James C. McWhorter; Case No. 3:07-00159**
         **Restitution is Joint and Several with Co-Defendants Beatrice L. McWhorter, Anthony W. Kennedy, Roger T. Rapp, Chad E. Vincent, Chastity A. Leonard, Ronnie Mack Hampton, David Mayo, and Shawn L. Simpson**

_____    The defendant shall pay the cost of prosecution.

_____    The defendant shall pay the following court cost(s):

_____    The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including the cost of prosecution and court costs.