2016 WL 3951146
Only the Westlaw citation is currently available.
United States District Court,
E.D. Tennessee,
at Knoxville.

United States of America
v.
Edwin Whitehouse.

No. 3:08-CR-185
|
Signed 07/20/2016

**Attorneys and Law Firms**

F. M. Hamilton, III, U S Department of Justice, Knoxville, TN, for United States of America.

David M. Eldridge, Eldridge & Blakney, PC, Knoxville, TN, for Edwin Whitehouse.

## MEMORANDUM AND ORDER

Thomas W. Phillips, SENIOR UNITED STATES DISTRICT JUDGE

 *1 This case is before the Court on the defendant's *pro se* Motion for Early Termination of Supervised Release [Doc. 28]. The record reflects that the defendant pled guilty to and was convicted of three counts of bank fraud in violation of 18 U.S.C. § 1344. He was sentenced to a term of imprisonment of 60 months, followed by a term of supervised release of five (5) years, and he was ordered to pay $16,844,964.55 in restitution. Defendant has completed his term of imprisonment and 31 months of the term of supervised release. In his motion, defendant details his efforts while incarcerated in teaching GED, economics and financial management classes, tutoring other inmates, operating the camp computer lab, and assisting with supplies for the visitation room. Defendant also details the classes he attended, his exercise regimen, and that he had no reprimands while incarcerated. Since beginning his term of supervised release, defendant has worked for Hamby Properties and MFP-Connect, LLC, his current employer. The defendant and his wife are responsible for caring for their elderly parents. The defendant lives in Maryville, Tennessee, and has the support of his wife and son. The defendant acknowledges that he owes substantial restitution and intends to continue to make payments on his restitution even after he is released from supervision. Following this Court's order of July 11, 2016 [Doc. 30], the defendant has waived his right to a hearing on his motion pursuant to Fed. R. Crim. P. 32.1(c) [Doc. 31].

The U.S. Probation Office has advised that the defendant has complied with all the conditions and requirements of his term of supervised release. Defendant has not incurred any arrests or violations while on supervised release and he has been employed by MFP-Connect since April 1, 2014. The probation officer also advised that the defendant currently owes $16,828,122.55 in restitution, he has paid $16,542.00 of restitution thus far, and he has been making regular monthly payments of $500 per month. Per the Guide to Judiciary Policy, "the existence of an outstanding financial penalty per se does not adversely affect early termination as long as the offender has been paying in accordance with the payment plan." Further, the Guide advises that "there is a presumption in favor of recommending early termination for supervised releasees who have been under supervision for at least 18 months and are not career violent and/or drug offenders, sex offenders or terrorists, present no identified risk to the public or victims, and are free from any moderate or high severity violations." Defendant has served over half of his term of supervision and the supervising probation officer has no objection to the early termination of his supervision.

The government has filed an opposition to the defendant's motion [Doc. 29] because mere compliance with the requirements of supervision is not a sufficient reason to shorten his term of supervised release. The government contends that defendant's compliance does not rise to the level of "exceptionally good behavior" to justify early termination of supervision. The government also contends that continued oversight by the Probation Office will ensure that defendant will satisfy the remaining restitution owed.

 *2 Defendant moves for early termination of probation pursuant to 18 U.S.C. § 3583(e)(1) which provides:

> The court may, after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7) — terminate a term of

supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice.

After carefully considering the requirements of the statute, the Court finds the relevant portions of 18 U.S.C. § 3553(a) support an early termination of defendant's supervised release. In support of this determination, the Court notes that defendant has completed more than half of his term of supervised release; he has been in full compliance with the conditions of his supervised release; he maintains steady employment and a stable residence. In addition, his supervising probation officer does not oppose the request for early termination. While the government and Probation Office correctly note that the defendant owes a significant amount of restitution, it is highly unlikely that he will satisfy that debt in the next two years whether or not he remains on supervision. It appears to the Court that defendant has rehabilitated himself and he poses no threat to any individual or the community to reoffend. Accordingly, pursuant to 18 U.S.C. § 3564(c), based on the defendant's conduct and the interests of justice, defendant's motion for early termination of supervised release [Doc. 28] is **GRANTED.** Defendant's term of supervised release is **TERMINATED.**

**IT IS SO ORDERED.**

**All Citations**

Not Reported in F.Supp.3d, 2016 WL 3951146

---

**End of Document** © 2018 Thomson Reuters. No claim to original U.S. Government Works.

WESTLAW © 2016 Thomson Reuters. No claim to original U.S. Government Works.